GRIFFIN, Judge,
concurring specially.
Much time and energy has been wasted in this case because of the pro se plaintiffs ignorance of law and procedure and because of the lower court’s entry of an improper form of order. An order granting a motion to dismiss should either inform the plaintiff of the right to amend and the deadline for doing so or inform the plaintiff that there is no right to amend and that the cause is dismissed. The appealed order merely “granted” the appellee’s motion to dismiss the complaint. Although it is unknown who *622 drafted the defective order, certainly it is appellee who has benefitted from the delay since appellant has wasted months in a futile appeal rather than correcting the procedural defects of notice and service that the lower court appears to have perceived. I cannot tell for sure whether the plaintiff has (or had) a valid cause of action for lead poisoning. Certainly there are the glimmerings of a cause of action. If this is (or was) an actionable claim, it would be a shame if the minor’s guardian’s mishandling were to squander her remedy. Fla.R.Civ.P. 1.210(b); Osei-Afriyie v. Medical College, 937 F.2d 876 (3d Cir.1991).
DAUKSCH, J., concurs.